OVERTON, Justice.
 

 This suit is one brought by plaintiff against defendant to recover $5,058.76, insurance collected for the loss by fire of certain personal property, claimed as owner by plaintiff, and located in the leased premises, bearing the municipal numbers 301-309 South Rampart street, in the city of New Orleans. The property was insured against fire. The insurance was taken out in defendant’s name, to plaintiff’s knowledge. Defendant collected the insurance, without rendering any account whatever to plaintiff, and- without even informing him that the insurance had been paid him; defendant claiming that plaintiff was not entitled to an accounting, and plaintiff contending that he was, as defendant was acting for
 
 *174
 
 him in insuring the property, and in collecting the insurance.
 

 Plaintiff and defendant each claim to be the owner of the property insured, and entitled to the insurance collected. The case was tried by a jury, and a verdict was returned by a vote of nine to three in favor of defendant, rejecting plaintiff’s demand. Without asking for a new trial plaintiff appealed.
 

 Plaintiff urges that the - result of the trial-is due to an erroneous ruling of the court. Plaintiff offered in evidence a sale by notarial act from him to defendant, executed some four months after the fire, by which plaintiff, sold to defendant a part of the property, not destroyed by the fire; in fact, all of the property, not so destroyed, save a few articles, which he reserved from the sale. The trial court, over plaintiff’s objection, it is urged, received parol evidence, the effect of which was to make it appear that this notarial act, which purports upon its face to be a straight sale, was, in fact, a settlement -between the parties litigant of their differences. Defendant admits the execution of the instrument. The evidence objected to did not tend to de-r stroy the title conveyed; but its only tendency was to explain the true consideration and purport of the act by showing that the purpose of the act was to effect a settlement and not to make a sale. There was a conflicting mass of evidence -before the court and jury; and some explanation became appropriate, if it could be given, of the real purpose of the act to rebut any inference that might possibly arise to the effect that, as defendant had purchased from plaintiff nearly all of the remnant of the property left by the fire, plaintiff must have been the owner of that destroyed by fire also, as the fire was not likely to -de-, stroy defendant’s property mingled with that destroyed and permit plaintiff’s property to escape. Defendant testified that he was purchasing what was considered plaintiff’s working interest in the property, and that this, at least inferentially, was the settlement reached as to that interest. The court did not err in admitting the evidence.
 

 The case may be described as one conflicting mass of evidence. It raises only questions of fact, so conflicting that even counsel has not attempted to review the -facts to any appreciable extent in their briefs. In reality, the only way to form an opinion is -by a careful reading of the evidence. The case was one peculiarly for the. jury; Our .reading of the record, which was done with care, impresses us with the fact that the verdict of the jury-, all things said, is correct: Certainly, we are not justified in disturbing it. ,
 

 Eor these reasons, the judgmeht below, resting upon the verdict of- the jury, is affirmed. i